ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ELIEZER SANTANTA BÁEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | KLRA202400624 | *REVISIÓN JUDICIAL* procedente de la División de Remedios Administrativo del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-1357-24<br><br>Sobre:<br><br>SERVICIOS MÉDICOS |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard, y la jueza Prats Palerm

Álvarez Esnard, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2025.

Comparece ante nos el señor Eliezer Santana Báez ("el señor Santana Báez" o "el recurrente"), miembro de la población correccional, por derecho propio mediante una *Petición de Revisión Judicial*. Nos solicita la revocación de la *Resolución* emitida el 17 de octubre de 2024, notificada el 29 de octubre de 2024, por el Departamento de Corrección y Rehabilitación de Puerto Rico ("el Departamento" o "la agencia"). Por virtud de tal dictamen, la agencia resolvió que el recurrente está recibiendo la atención médica solicitada según confirmó el Dr. Marcos Devaires ("Dr. Devaires"), quien es el Director Médico del Complejo Correccional de Bayamón.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso presentado por falta de jurisdicción, toda vez que se tornó académico.

### I.

El 17 de junio de 2024, el señor Santana Báez presentó una *Solicitud de Remedio Administrativa* ante el Departamento de

Corrección y Rehabilitación. En ajustada síntesis, solicitó urgente atención médica a la luz de unos síntomas de salud que le aquejaban. Así solicitado, el 2 de julio de 2024, el Departamento emitió *Respuesta al Miembro de la Población Correccional,* notificada el 8 de agosto del 2024, en la cual dictó siguiente pronunciamiento administrativo suscrito por el Dr. Devaires:

> Actualmente usted está recibiendo sus medicamentos para [a]lta presión e [h]ipotiroidismo, así como otros para condiciones no crónicas que le sur[g]en. Le recomiendo que continúe asistiendo al Side Call para atender sus necesidades y de tener alguna emergencia solicitar a la [o]ficialidad que lo lleven a la Sala de Emergencia del CMC. Se le renov[ó] la receta de Hydrochlortiazide 12.5.

Oportunamente, el 12 de agosto de 2024, el señor Santana Báez presentó su *Solicitud de Reconsideración,* mediante la cual señaló que hace más de un (1) año no visita un médico internista. Sostuvo, además, que ha realizado varias gestiones para recibir la atención médica, mas no ha recibido alguna respuesta satisfactoria por parte de la agencia. Destacó que continúa experimentando una serie de síntomas que requieren inmediata evaluación y medicación.

Así las cosas, el 20 de agosto de 2024, el Departamento emitió *Respuesta de Reconsideración al Miembro de la Población Correccional* a los fines de notificarle que acogió su solicitud. Consecuentemente, el 17 de octubre de 2024, la agencia emitió *Resolución,* notificada el 29 de octubre de 2024. Mediante el referido dictamen, formuló siete (7) determinaciones de hechos:

1. El recurrente presentó Solicitud de Remedios Administrativos el 21 de junio de 2024 ante el Evaluador de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón. En su escrito alega situación de salud y medicación suministrada.

2. El 24 de junio de 2024 se hizo Notificación dirigida al Dr. Marcos Devarie, Director Médico, Complejo Correccional de Bayamón.

3. El 10 de junio de 2024 se recibió respuesta por parte del Dr. Marcos Davaire, Director Médico, Complejo Correccional de Bayamón, quien le contestó que está recibiendo sus medicamentos para alta presión e hipotiroidismo, así como otras condiciones crónicas que le surgen.

4. La Sra. Maribel García Charriez, Evaluadora Oficina de Bayamón realiza respuesta el 12 de julio de 2024.

5. El 6 de agosto de 2024 se hace la entrega al recurrente del Recibo de Respuesta.

6. El 20 de agosto de 2024 el recurrente inconforme con la respuesta emitida presentó solicitud de reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

7. Se acoge petición reconsideración el 10 de septiembre de 2024.

Así establecido, la agencia puntualizó que las citas con los médicos internistas son anules. Dispuso, a su vez, que al recurrente se le han efectuado una serie de estudios que son parte de los documentos que serán evaluados por el médico internista. Por último, enfatizó que los servicios médicos son constantes y están disponible a través de la solicitud médicos (*sick call*) y la sala de emergencia. Por tanto, determinó que procedía confirmar la respuesta reconsiderada.

Inconforme con tal dictamen, el 6 de noviembre de 2024, el señor Santana Báez acudió ante este Tribunal de Apelaciones mediante la presentación una *Petición de Revisión Judicial.* En su recurso, esboza el siguiente señalamientos de error:

**Erró el DCR al determinar que la visita al internista deber ser anual, cuando mis condiciones médicas han movido al personal del CMC y al de la división de remedios mismos a referirme al internista desde antes de ellos determinar esto, y es porque tales condiciones no pueden esperar un año para ser revisadas por lo severas que son y deben ser monitoreadas constantemente.**

Evaluada su petición, el 20 de noviembre de 2024, esta Curia emitió *Resolución* en la cual concedió a la parte recurrida hasta el viernes de 6 de diciembre de 2024 para exponer su posición sobre el presente recurso. En la fecha señalada, el Departamento por conducto de la Oficina del Procurador General de Puerto Rico sometió un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.*

Con el beneficio de las comparecencias de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

***A. Doctrina de autolimitación judicial en el contexto de academicidad***

En norma reiterada que, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Freire Ruiz de Val y v. Raquel Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W Const. y Recovery Finance,* 2024 TSPR 69, 214 DPR ___ (2024). Así pues, la intervención judicial solo tendrá lugar cuando exista "una controversia genuina entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas". *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738 (2022); *Suárez Cáceres v. Com. Estatal Elecciones,* 176 DPR 31, 60 (2009). Por consiguiente, los tribunales solo pueden decidir asuntos instados en un contexto adversativo y en una forma históricamente visualizada como capaz de ser resuelta a través del proceso judicial. *Pueblo v. Díaz Alicea,* 204 DPR 472, 481 (2020).

Un asunto no es justiciable cuando unos hechos posteriores lo tornan académico. *UPR v. Laborde Torres Y Otros,* 180 DPR 253, 280 (2010); *Noriega v. Hernández Colón,* 135 DPR 406 (1994). La condición académica ocurre "cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstracto". *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932-933 (2011); *San Gerónimo Caribe Project v. A.R.Pe.,* 174 DPR 640, 652 (2008). En estos casos, la "condición de controversia viva y presente se ha perdido". Íd., pág. 933.

En tales circunstancias, el fallo que emita el tribunal no tiene efectos prácticos por tratarse de un asunto inexistente. *Lozada Tirado v. Testigos Jehová,* 177 DPR 893, 908 (2010). *San Gerónimo Caribe Project v. ARPe,* 174 DPR 640, 652 (2008). Por tanto, su deber es abstenerse de considerar los méritos de ese caso. *Super Asphalt v. AFI y otro,* 206 DPR 803, 816 (2021). Una vez el tribunal determine que el recurso es académico, le corresponde desestimar el pleito. *Moreno v. UPR II,* 178 DPR 969, 974 (2010). Véase, además, *ELA. v. Aguayo,* 80 DPR 552, 562 (1958).

Ahora bien, esta doctrina de autolimitación judicial admite ciertas excepciones. Por lo que, un tribunal pudiese ejercer su autoridad, a manera de excepción, en las siguientes instancias, a saber: (1) es una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando la situación de hecho haya sido cambiada por el demandando, pero no tiene visos de permanencias; o (3) cuando subsisten consecuencias colaterales. *UPR v. Laborde Torres Y Otros, supra,* pág. 280. No obstante, al evaluar una controversia por academicidad el tribunal debe concentrarse en la relación existente entre los eventos pasados que dieron inicio al pleito y la adversidad presente. *Asoc. Fotoperiodistas v. Rivera Schatz, supra,* pág. 933.

No obstante, de no aplicar tales escenarios excepcionales, entonces le corresponde al tribunal abstenerse a ejercer sus facultades. Tal proceder evita el uso inadecuado de recursos judiciales. *Moreno v. UPR II, supra,* pág. 973-974; *P.N.P. v. Carrasquillo,* 166 DPR 70, 75 (2005). En atención a estas circunstancias, la Regla 83(B)(1) del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 83(B)(1), permite que una parte interesada solicite la desestimación de un recurso apelativo por falta de jurisdicción. De igual modo, el inciso (C) de la precitada regla habilita a este Tribunal de Apelaciones a iniciativa propia a desestimar el recurso de revisión judicial por motivos de falta de jurisdicción. 4 LPRA XXII-

B, R. 83(C). Por tanto, ante un panorama de ausencia de jurisdicción, es mandatorio desestimar la reclamación sin entrar en los méritos de la cuestión ante sí. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

**III.**

En el presente caso, el señor Santana Báez señala que incidió el Departamento de Corrección y Rehabilitación al determinar, al igual que el Dr. Devaires, que las visitas al internista son anuales. En específico, asevera que padece de una serie de condiciones severas que necesitan atenderse constantemente, por lo que, no puede esperar al término de un (1) año para la atención de sus padecimientos. Agrega que el Estado es responsable de proveer tratamientos médicos a quienes cumplen una pena de reclusión bajo custodia, según establecen los casos *Youngberg v. Romero*, 457 US 314, 315 (1982) y *Estelle v. Gamble*, 429 US 97, 103-104 (1974). En vista de tales argumentos, peticiona la revocación del dictamen administrativo impugnado. En consecuencia, solicita que este Tribunal de Apelaciones emita una orden para que su necesidad médica se atienda con urgencia.

Ante tales alegaciones, el Departamento de Corrección y Rehabilitación señala que procede desestimar el presente recurso por incumplimiento del formulario para litigar *in forma pauperis*[1] y por haberse tornado académico. En cuanto a este segundo argumento, especifica que el recurrente recibió el tratamiento médico. Detalla que el 29 de octubre de 2024 la División de Remedios Administrativos le indicó que el Dr. Devarie refirió su caso a la división de Medicina Interna para evaluar su resultado del MRI Scan y cualquier otro estudio reciente con el fin de determinar el

---

[1] Conviene resaltar que, la Secretaría de este Tribunal de Apelaciones nos remitió una breve nota redactada por el recurrente, en la cual peticionó que se le enviara el formulario para litigar como indigente. Posterior al Escrito en Cumplimiento de Resolución y Solicitud de Desestimación, presentado por la parte Recurrida, esta *Curia* recibió el formulario de indigencia completado por el Peticionario.

tratamiento a seguir. Así las cosas, resaltó que el 27 de noviembre de 2024, el recurrente tuvo su cita con un médico internista, según consta en la *Certificación* fechada el 6 de diciembre de 2024 por la agencia recurrida. En atención a tales hechos, reitera que corresponde desestimar el presente recurso, pues se tornó académico.

Tras evaluar detenidamente el expediente ante nuestra consideración, resolvemos que carecemos de jurisdicción para atender el presente recurso, toda vez que se tornó académico. Surge del expediente ante nuestra consideración que, el recurrente presentó su *Petición de Revisión Judicial* el 6 de noviembre de 2024, en la cual esencialmente solicitó atención médica urgente a base de una serie de sintomatología experimentada.

No obstante, pendiente su caso en etapa apelativa, el Departamento de Corrección y Rehabilitación emitió una *Certificación* el 6 de diciembre de 2024. En este documento, consta la siguiente información:

> Yo, Damaris Domínguez, Especialista de la Sección de Remedios Administrativos del Departamento de Corrección de Rehabilitación, certifico que el miembro de la población correccional Eliezer Santana Báez (B-917-24) fue atendido el 27 de noviembre de 2024 por el Médico Internista, según notificado por la Sra. Yaritza Muñoz Rivera, Sub-Administradora Gerente de OPD, Complejo Correccional de Bayamón.[2]

Ante tales circunstancias, este Tribunal de Apelaciones está imposibilitado de atender el recurso en sus méritos. Recordemos, pues que, nuestras facultades revisoras están limitadas al examen judicial de controversias vivas y presentes producidas en un contexto adversativo. Por tanto, una vez el señor Santana Báez recibió la atención médica solicitada, el recurso se tornó académico. Tales cambios fácticos acaecidos mientras el caso estaba pendiente

---

[2] Anejo I presentado por la parte recurrida.

en la esfera apelativa, impiden el ejercicio de nuestras facultades revisoras.

A la luz del marco legal reseñado, resolvemos que el foro apelativo perdió la jurisdicción para examinar el recurso presentado, toda vez que la controversia se tornó académica y tampoco operan las circunstancias excepcionales establecidas por esa doctrina de autolimitación judicial. En vista de lo anterior, nos corresponde desestimar el pleito instado de conformidad a la Regla 83 B(1) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 B (1).[3]

**IV.**

Por los fundamentos que anteceden, **desestimamos** por ausencia de jurisdicción, toda vez que el recurso presentado se tornó académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[3] Por último, notamos que en el expediente judicial no consta la *Solicitud para litigar in forma pauperis* exigida por la Regla 78 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 78. Esta inobservancia incide en el perfeccionamiento del recurso de *Petición de Revisión Judicial*. Ello consecuentemente limita el ejercicio de nuestra jurisdicción.